IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
AMERICAN INTERSTATE INSURANCE    *
COMPANY,                         *
                                 *
         Plaintiff,              *
                                 *
                                 *    CV 107-045
     vs.                         *
                                 *
KRISTINA SMITH, Individually,    *
and on behalf of TIERA           *
MICHELLE HAMILTON, a minor;      *
BIRDIE and RUSSELL HAMILTON,     *
as Administrators for the        *
Estate of SHANE RAY HAMILTON;    *
MARSHALL JORDAN, JR.; and        *
COOPER LOGGING, INC.,            *
                                 *
         Defendants.             *
```

# O R D E R

American Interstate Insurance Company ("American Interstate") brought the captioned matter for declaratory judgment pursuant to 28 U.S.C. §§ 1332 and 2201. Presently before the Court is Plaintiff's Motion for Summary Judgment. (Doc. no. 39.) Upon the following, Plaintiff's Motion is **GRANTED**.

## I. BACKGROUND

On the evening of October 31, 2005, Deputy Shane Ray Hamilton's vehicle collided with a logging truck owned by Cooper Logging, Inc. ("Cooper Logging") and driven by Marshall Jordan, Jr. ("Jordan"). As a result of Deputy Hamilton's death

in that collision, his minor child, Tiera Michelle Hamilton, through her mother Kristina Smith ("Smith") filed suit against Cooper Logging and Jordan in the Superior Court of Burke County, Georgia. Deputy Hamilton's parents, Birdie and Russell Hamilton, are joint Plaintiffs in the underlying Superior Court suit as Administrators of the Estate. (See Compl. Ex. 1.)

American Interstate, Plaintiff in the instant action, issued a commercial general liability policy of insurance ("the Policy") to Cooper Logging, with a policy period from October 27, 2005 to October 27, 2006. American Interstate filed the instant declaratory judgment action, seeking a declaration that the Policy does not provide coverage to either Defendant Jordan or Defendant Cooper Logging for any claims arising out of the subject collision, including the claims made in the underlying liability suit. (See Compl.)

On the day of the collision, Jordan made his final delivery of wood to the paper mill at International Paper. (Jordan 2007 Dep. at 14; Cooper 2007 Dep. at 46.) After that delivery, Jordan took John Devoe ("Devoe"), a co-worker who lived a few miles from Jordan, home. (Jordan 2007 Dep. at 16.) Mr. Cooper, president of Cooper Logging, often directed Jordan to give Devoe a ride to and from work because Devoe did not have his own transportation and lived close to Jordan. (Id. at 15, 28, 29; Cooper 2007 Dep. at 31.) After Jordan dropped off Devoe, he was pulling the Cooper Logging truck into the driveway of his own residence when the fatal collision occurred. (Jordan 2007 Dep. at 16, 20.)

Jordan testified that he did not make any other stops on his way home. (See id. at 20-21.) Jordan and Mr. Cooper testified that when Jordan was pulling into his driveway he was finished with his daily work requirements for Cooper Logging and had no other work-related obligations for the evening. (Id.; Cooper 2007 Dep. at 33.) Jordan was often permitted to take the Cooper Logging truck home because it saved fuel and allowed less miles to be put on the truck. (Cooper 2007 Dep. at 70-71.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when no genuine issues of fact remain and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, all facts and reasonable inferences are to be construed in favor of the non-moving party. Hogan v. Allstate Ins. Co., 361 F.3d 621, 625 (11th Cir. 2004). The party opposed to the summary judgment motion, however, "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

## III. DISCUSSION

American Interstate contends that summary judgment should be granted for two reasons. First, American Interstate argues that the claims at issue are excluded by the Policy's

"Aircraft, Auto or Watercraft" exclusion. Second, and alternatively, American Interstate contends that Jordan is not entitled to coverage because he does not qualify as an "insured" under the Policy. (See Br. in Supp. of Mot. for Summ. J. at 3.)

## A. The Policy's "Aircraft, Auto or Watercraft" Exclusion

In regards to American Interstate's first contention, the "Aircraft, Auto or Watercraft" exclusion provides that the Policy does not apply to bodily injury or property damage "arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or rented or loaned to any insured. Use includes operation and 'loading or unloading.'" (Pl.'s Ex. C, Form CG 00011001 at 2, 4.) "This exclusion does not apply to: . . . [p]arking an 'auto' on, or on the ways next to, premises you[1] own or rent, provided the 'auto' is not owned by or rented or loaned to you or the insured." (Id. at 4.) The term "auto" is defined by the Policy as "a land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment." (Id. at 12.)

Notably, Cooper Logging was covered by a separate business auto liability policy issued by another insurance company. (Cooper 2007 Dep. at 13, 36-37.) American Interstate asserts that the business auto policy is used to cover accidents involving Cooper Logging's trucks, and Cooper Logging

---

[1] The term "you" is defined as the named insured under the Policy. (Pl.'s Ex. C, Form CG 00011001 at 1.)

4

separately purchased commercial general liability coverage, in which accidents involving its trucks are specifically excluded.

In <u>Strickland v. Auto-Owners Ins. Co.</u>, 273 Ga. App. 662, 615 S.E.2d 808 (2005), the Georgia Court of Appeals addressed a similar situation involving a commercial general liability policy exclusion analogous to the "auto" exclusion in the instant case. The court held that the exclusion applied to the motor vehicle accident at issue. <u>Id.</u> at 662, 615 S.E.2d at 809. Further, the court noted that it is common practice for a company to have separate auto coverage in addition to commercial general liability coverage "to provide seamless coverage for different risks." <u>Id.</u> at 663, 615 S.E.2d at 810; <u>see also</u> <u>Grain Dealers Mut. Ins. Co. v. Pat's Rentals, Inc.</u>, 228 Ga. App. 854, 855-56, 492 S.E.2d 702, 704 (1997) (finding the insurer fixed the limits of its risk by using auto exclusion language; insured knowingly accepted the policy with the unambiguous exclusion and obtained separate auto coverage to cover the excluded risk in the commercial general liability policy).

Defendants Hamilton and Smith do not argue that the "auto" exclusion is not applicable to the subject accident, rather they argue that Mr. Cooper's conduct somehow resulted in a waiver of the exclusion. Defendants' basis for this argument is that T.C. Logging, a broker through whom Cooper Logging obtained business, required Cooper Logging to supply it with a Certificate of Insurance documenting that certain policies were in place. (<u>See</u> Defs. Resp. to Mot. for Summ. J. at 7-8.) The

5

Certificate of Insurance was also used for Cooper Logging to gain access for its trucks into various paper mills. The Policy issued by American Interstate was one of the policies listed on the Certificate of Insurance. (See Cooper 2007 Dep., Exs. 1, 2.) Thus, Defendants' tenuous position is that by using the Certificate of Insurance to get into the mills, Cooper Logging has caused American Interstate to waive any right to rely on the "auto" exclusion.

However, a Certificate of Insurance is merely an informational document containing basic policy information such as the insurer, type of coverage, and date of coverage. (See id.) The Certificate of Insurance used by Cooper Logging contained the following disclaimers:

> This certificate is issued as a matter of information only and confers no right upon the certificate holder. This Certificate does not amend, extend or alter the coverages afforded by the policies below.
>
> The policies of insurance listed below have been issued to the insured named above for the policy period indicated. Notwithstanding any requirement, term or condition of any contract or other document with respect to which this certificate may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of such policies.

(Id.) Pursuant to this unambiguous language, Cooper Logging's use of the Certificate of Insurance to gain access to the mills could not waive, alter, or extend the coverage owed by American Interstate under the Policy.

Moreover, Defendants' contentions are unavailing because

6

the doctrine of waiver cannot be used to enlarge the coverage of an insurance policy. "The doctrines of waiver and estoppel are not to be extended so as to make a new contract, or to radically change the terms of the policy so as to cover additional subject-matter, or causes of loss, or causes of loss expressly excluded from the coverage of the policy." Prescott's Altama Datsun, Inc. v. Monarch Ins. Co. of Ohio, 170 Ga. App. 545, 547, 317 S.E.2d 845, 847-48 (1984) (quoting Quillian v. Equitable Life Assurance Society, 61 Ga. App. 138, 144, 6 S.E.2d 108 (1939)). Waiver cannot be used to create a liability not created by the contract and never assumed by the insurer under the terms of the policy. Id.; see also Andrews v. Georgia Farm Bureau Mut. Ins. Co., 226 Ga. App. 316, 317, 487 S.E.2d 3, 4 (1997).

In the instant case, the truck involved in this unfortunate accident was an "auto" under the Policy exclusion. Based upon the clear and unambiguous language of the Policy, the "auto" exclusion is applicable and bars coverage for all of Defendants' claims in the underlying suit. Accordingly, American Interstate is entitled to summary judgment as a matter of law.

**B. Whether Jordan Qualifies As An "Insured" Under the Policy**

Assuming *arguendo* that the "auto" exclusion was inapplicable, summary judgment would nevertheless still be warranted for a second and independent reason. American Interstate argues that Jordan does not qualify as an "insured" under the Policy. Coverage afforded by the Policy only inures

to the benefit of those defined as an "insured" in the Policy. The Policy provides, in pertinent part, that each of the following is an "insured":

> Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" . . . or your managers . . . , but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

(Pl.'s Ex. C, Form CG 00011001 at 9.) Thus, in order for Jordan to qualify as an "insured" he must have been acting within the scope of his employment or performing duties related to the conduct of Cooper Logging's business at the time of the accident.

Generally, when an employee is involved in a collision while operating his employer's vehicle, a presumption arises that the employee was acting within the scope of his employment. See Allen Kane's Major Dodge v. Barnes, 243 Ga. 776, 777, 257 S.E.2d 186, 188 (1979). However, this presumption may, unless supported and corroborated by other evidence from Defendants, be overcome by uncontradicted evidence that the employee was not acting within the scope of his employment. Id.; see also Fred A. York, Inc. v. Moss, 176 Ga. App. 350, 351, 335 S.E.2d 618, 620 (1985).

The test is whether the employee was *at that time* serving the employer, not that the act was done by the employee during the existence of employment. See Yow v. Federal Paper Bd. Co.,

8

Inc., 216 Ga. App. 652, 655-56, 455 S.E.2d 372, 375 (1995)(emphasis added). In Georgia, an employee on his way home in a company vehicle is on a purely personal mission and thus, not acting within the scope of employment. See id.; Fred A. York, Inc., 176 Ga. App. at 350-51, 335 S.E.2d at 619-620; cf. Braddy v. Collins Plumbing & Construction, Inc., 204 Ga. App. 862, 863, 420 S.E.2d 806, 809 (1992)(employee driving company vehicle from his home to the work site at the time of the accident was not acting within the scope of his employment).

In the instant case, it is undisputed that at the time of the accident Jordan was driving a truck owned by Cooper Logging, which he was allowed to drive to and from work. It is also undisputed that at the time of the accident Jordan was pulling into his own driveway. Jordan testified he had no intention of performing any more work for Cooper Logging after he reached his home. (Jordan 2007 Dep. at 20-21.) Defendants urge that Jordan was acting within the scope of his employment because he made a delivery for Cooper Logging and dropped off a co-worker, at Mr. Cooper's direction, before going home. Also, Defendants contend that Jordan was acting within the scope of his employment because driving the truck home after work benefitted Cooper Logging. (See Defs.' Resp. to Mot. for Summ. J. at 5.)

These arguments are not supported by Georgia case law. Put simply, an employee driving his employer's vehicle to and from work is not acting within the scope of his employment. At

the time of the accident, Jordan was on the purely personal mission of pulling into the driveway of his own residence. He had delivered his last load and was pulling into his own driveway, having already taken his co-worker home. Consequently, Jordan was not acting within the scope of his employment at the time of the accident. Therefore, Jordan does not qualify as an "insured" under the Policy, and no coverage is owed to him by American Insurance as a matter of law.

### III. CONCLUSION

Upon the foregoing, Plaintiff's Motion for Summary Judgment (doc. no. 39) is **GRANTED**. The Clerk is directed to **CLOSE** this case and **ENTER FINAL JUDGMENT** in favor of Plaintiff.

**ORDER ENTERED** at Augusta, Georgia, this __29__ day of January, 2008.

_____
HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE